UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**PAUL WILSON**                                        **CIVIL ACTION 15-2627**
    **LA. DOC #187047**

**VS.**                                                                      **SECTION P**

                                                                                   **JUDGE DOHERTY**

**ALLEN CORRECTIONAL CENTER, ET AL**        **MAGISTRATE WHITEHURST**

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Paul Wilson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 2, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is currently incarcerated at the Caldwell Correctional Center (CCC). When he filed this complaint he was incarcerated at the Allen Correctional Center (ACC). He complains of denied or delayed medical care and names as defendants Allen Correctional Center[1], Evangeline Parish Sheriff's Department, Elliot Thomas, Phillip Janice, Eddie Soileau, Terressa Frederick and Warden Frederick. He prays for financial relief for recovery and loss. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### I. Statement of the Case

In his Original Complaint, plaintiff asserts that he was arrested on April 12, 2015 by Ville Platte Police, booked in the Evangeline Parish Sheriff's Department and transferred to Pine Perry (sic) Correctional Center (Pine Prairie Correctional Center, "PPCC") on April 14, 2015 [Doc. 1, p.

---

[1] Pursuant to Plaintiff's First Amended Complaint, filed on November 30, 2015, Plaintiff does not intend to pursue claims against Allen Correctional Center. [Rec. Doc. 8.]

6]. Two weeks prior to being arrested, he had been shot in the penis and testes and had a catheter bag. [Id.] Upon arrival at PPCC, he was seen by a doctor who told him that he could not treat him and that he needed to see a urologist or return to where he was treated for the wound. [Id.] He was sent back to Evangeline Parish for medical attention on or about April 15, 2015 [Id.]. He requested that Defendant Assistant Warden Phillip Janice have someone bring him to the doctor; Janice told him that there was nothing he could do, as they did not have transportation available to take him and they were short staffed [Rec. Doc. 12, p. 1]. From April 15, 2015-April 20, 2015, Plaintiff alleges that he was bleeding constantly into his catheter bag in his jail cell [Rec. Doc. 1, p. 6]. On April 20, 2015, he was sent to the hospital for treatment.[2] He was subsequently transferred to Avoyelles Parish Jail (APJ) in Marksville, LA, then immediately sent back to Evangeline Parish, due to medical concerns. [Id.] On April 21, 2015, he was transferred to Caldwell Correctional Center ("CCC"). [Id.] One week after arriving at CCC, he saw a doctor who opined them that he needed to see a urologist, had an infection and should be transferred to a DOC Medical Facility as soon as possible [Rec. Doc. 8, p. 3].

Petitioner's Second Amended Complaint, filed on December 11, 2015, asserts new allegations against Nurse Terressa Frederick and Warden Frederick of CCC, stemming from an incident in late November, 2015, pursuant to which petitioner was sent to the Emergency Room at Citizen Medical Center of Columbia, Louisiana for an infection related to his prior medical condition. [Rec. Doc. 12.] He alleges that a Dr. Biddle Johnny sent a certified letter to Nurse Frederick informing her that he needed to see a urologist [Id. at p. 1]. Nurse Frederick and Warden

---

[2] It is unclear from Plaintiff's filings whether he was given two (2) pints of blood at this time and/or was given two (2) pints of blood prior to being arrested [See Rec. Docs. 1, p. 6, 8, p.3 & 12, p .1].

Frederick denied this request, telling Plaintiff they would not pay for him to see a urologist [Id.]. Petitioner was given an antibiotic for the infection [Id.].

Pursuant to an order from this Court to amend his Complaint to provide additional details regarding his claim, Plaintiff noted that while the letter from Dr. Biddle Jonny was sent on November 27, 2015, he did not see a urologist until February 14, 2106 [Doc. 12, p. 3].

## II. Law and Analysis

### A. Screening

When an individual is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

### 1. *Allen Correctional Center*

In his Original Complaint, Plaintiff sued the ACC. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether an entity such as a corrections facility has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. Therefore, in accordance with the law, and Plaintiff's declarations that he did not wish to peruse claims against the ACC [Rec. Docs. 8 & 12], claims against Allen Correctional Center should be dismissed.

### 2. *Evangeline Parish Sheriff's Department*

Plaintiff has also sued the Evangeline Parish Sheriff's Department. A Louisiana parish sheriff's office is not a legal entity capable of being sued. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D.La.2001); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D.La.2009); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988). Accordingly, the Evangeline Parish Sheriff's Department should be dismissed.

### 3. *Supervisory Capacity - Eddie Soileau & Elliot Thomas*

Plaintiff names Evangeline Parish Sheriff Eddie Soileau in his supervisory capacity, stating that he "is the Sheriff so that makes him involved." [Rec. Doc. 12, p.1.] "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). Plaintiff has not alleged any specific facts to establish § 1983 liability on the part of the Sheriff Soileau and, as such, plaintiff's claims against Eddie Soileau should be dismissed must be dismissed for failing to state a claim for which relief may be granted.

Plaintiff has also named Evangeline Parish Warden Elliot Thomas as a defendant. However, he fails to allege any facts on the part of Thomas that would establish § 1983 liability on the part of the Warden. Accordingly, for the same reasons stated above, claims against Elliot Thomas should be dismissed for failing to state a claim for which relief may be granted.

### 4. *Phillip Janice, Terressa Frederick & Warden Frederick*

Plaintiff's claims against Defendants Phillip Janice, Terressa Frederick and Warden Frederick should survive initial review. Service of process with respect to these defendants has been authorized in a separate order.

### *III. Conclusion and Recommendation*

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted as to Allen Correctional Center, Evangeline Parish Sheriff's Department, Elliot Thomas and Eddie Soileau.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana, May 25, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE